UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORNELIUS HARRIS,<br>　　　Plaintiff, | Case No. 1:21-cv-104 |
| vs. | Cole, J.<br>Litkovitz, M.J. |
| RONALD ERDOS, et al.,<br>　　　Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

　　Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), has filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. As detailed below, the complaint is 58 single spaced pages, names 36 defendants, and includes factual allegations concerning unrelated issues spanning several years.

　　By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

　　In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when

the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on or about August 18, 2020 defendants Osborn and Prater denied him the opportunity to attend a use of force hearing. (Doc. 1-1, Complaint at PageID 17). According to plaintiff, he complained to defendant institutional inspector Mahlman and informed her that if he did not have the opportunity to be heard at the hearing he would file a grievance against her.

Plaintiff claims that on September 16, 2020, Mahlman sent defendants Osborne, Prater, and Fri to assault him. Plaintiff alleges that on that date defendants Prater and Fri came to his cell and asked plaintiff he wanted to attend his use of force hearing. After plaintiff indicated that he would like to attend, plaintiff claims Prater stated, "You go at your own risk." (*Id.*). According to plaintiff, Prater further asked him "what did you do to piss off Mahlman?" After plaintiff inquired why Prater asked him that, Prater allegedly stated, "Oh you are about to find out." (*Id.* at PageID 19).

Plaintiff claims that upon arriving at the captain's office defendant Davis stated, "He

3

actual came out, he's a brave man" and defendant Bell added, "We are about to teach a cage of rage class while we have Harris here." (*Id*.). Plaintiff informed Davis that he feared for his safety, but Davis stated, "You made your bed, you will now have to lay in it." Plaintiff further alleges that before leaving Davis stated, "Have fun boys, just don't be too rough, he's a complainer." According to plaintiff, defendants Osborne, Prater, and Fri subsequently attacked him. Plaintiff claim Prater and Fri struck him on the head and Osborne choked him from behind. (*Id*. at PageID 19-20). As a result of the attack, plaintiff claims he was knocked unconscious and experienced headaches, memory loss, nausea, vomiting and cold sweats. (*Id.* at PageID 20).

The remainder of the complaint includes additional unrelated claims against different defendants. For example, plaintiff claims that on October 8, 2020, he was threatened and denied recreation by defendants Taylor and Lewis,[1] that defendant Yazer jabbed him in the arm with a clipboard, and that defendant Shaw wrote a false conduct report against him. (*Id.* at PageID 21-23). Next, plaintiff alleges that on November 9, 2020, defendant Crabtree struck him in the back with a door key. (*Id.* at PageID 26). The complaint continues in this fashion, detailing threats made against him, complaints regarding cell conditions and food services, instances in which he was denied recreation, and other unrelated events spanning from September 19, 2019 until the filing of the complaint. (*See id.* at PageID 32-63).

Plaintiff seeks injunctive relief as well as monetary damages. (*Id.* at PageID 18, 64-67).

At this stage in the proceedings, without the benefit of briefing by the parties to this

---

1 The undersigned notes that plaintiff has already filed a lawsuit based on his claim that he was improperly denied recreation without any penological purpose. *See Harris v. Erdos*, Case No. 1:20-cv-120 (S.D. Ohio Feb. 13, 2020) (Black, J.; Litkovitz, M.J.).

action, the undersigned concludes that plaintiff may proceed with his claims against defendants Mahlman, Davis, Bell, Osborne, Prater, and Fri based on his allegations concerning the September 16, 2020 attack. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, plaintiff's claims unrelated to the September 16, 2020 incident should be dismissed without prejudice. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). As noted above, the complaint is 58 single spaced pages, names 36 defendants, and includes factual allegations concerning unrelated issues spanning several years. Plaintiff's claims regarding threats made against him, cell conditions, food service issues, denial of recreation, and other events unrelated to the September 16, 2020 incident arise out of different occurrences, involve distinct questions of law and fact, and are not properly joined to the claims addressed above.

With respect to the September 16, 2020 attack, plaintiff claims defendant Erdos failed to take corrective action against Osborn, Prater, and Fri, despite being placed on notice of their behavior through plaintiff's complaints and grievances. (Doc. 1-1, Complaint at PageID 21).

However, to the extent that plaintiff complains about Erdos failing to take corrective action in connection with the grievance process, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

To the extent that plaintiff seeks to hold defendant Erdos because of his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that Erdos is the SOCF warden and failed to take corrective action in response to plaintiff's complaints or grievances is not enough to impose liability under section 1983.

Accordingly, in sum, plaintiff may proceed in this action with his claims against defendants Mahlman, Bell, Osborne, Prater, Davis, and Fri based on his allegations concerning the September 16, 2020 attack. However, plaintiff has failed to provide service copies of the

6

complaint, summons and U.S. Marshal forms for service on these defendants. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a copy of the complaint and completed summons and U.S. Marshal form for defendants Mahlman, Bell, Davis, Osborne, Prater, and Fri. Once the Court receives the requested forms and service copies, the Court will order service of process by the United States Marshal.

Plaintiff's claims against defendant Erdos brought in connection with the September 16, 2020 incident should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Plaintiff's remaining unrelated claims against the remaining defendants should be severed and dismissed without prejudice. *See Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) ("[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."). Should plaintiff wish to seek relief on these claims in this Court he must do so in separate actions and seek leave to proceed in forma pauperis or pay the filing fee required to commence a civil action in those cases. *See* Fed. R. Civ. P. 21.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice against defendant Warden Erdos pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's unrelated claims be **SEVERED** and **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 21.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint shall be permitted to proceed against defendants Mahlman, Bell, Osborne, Prater, Davis and Fri concerning the September 16, 2020 incident.

2. Plaintiff, **within thirty (30) days** of the date of this Order, submit a copy of the complaint and completed summons and U.S. Marshal forms for service on defendants Mahlman, Bell, Osborne, Prater, Davis, and Fri. Once the Court receives the requested copies of the complaint, summons forms, and United States Marshal forms, the Court will order service of process by the United States Marshal.

3. The Clerk of Court is **DIRECTED** send to plaintiff summons forms, United States Marshal forms, and a copy of the complaint for this purpose.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 4/21/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CORNELIUS HARRIS,<br>    Plaintiff, | Case No. 1:21-cv-104 |
| vs. | Cole, J.<br>Litkovitz, M.J. |
| RONALD ERDOS, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).