IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| CORNELIUS HARRIS, | : | Case No. 1:21-cv-00104 |
| Plaintiff, | : | District Judge Jeffery P. Hopkins |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| RONALD ERDOS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court following Plaintiff's failures to respond to a dispositive motion and an Order to Show Cause. Because of those failures, as explained below, the undersigned Magistrate Judge recommends that this matter be dismissed.

On May 5, 2023, Defendants Bell, Davis, Mahlman, Osborne, and Prater filed a Motion for Summary Judgment. (Doc. No. 22.) Due to Plaintiff's *pro se* status, the Court notified him of that Motion and advised: "Your response must be filed with the Court no later than **May 30, 2023**. If you fail to file a timely response, Defendants' Motion may be granted and your case dismissed." (Doc. No. 23, PageID 245 (emphasis in original).)

Plaintiff did not file a response to the Motion by the deadline. The Court then issued an Order to Show Cause that required Plaintiff, within twenty-one days, either to file a response to Defendants' Motion or to show cause in writing why his claims should not be dismissed for failure to prosecute. (Doc. No. 24, PageID 247.) The Order to Show Cause further provided: "**PLAINTIFF IS CAUTIONED THAT A FAILURE TO**

1

**COMPLY WITH THE TERMS OF THIS ORDER WILL RESULT IN A REPORT AND RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE**." (*Id.* (emphasis in original).) The deadline for responding to the Order to Show Cause has now passed and Plaintiff has again failed to file a response.

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jordan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Though Plaintiff is proceeding *pro se*, the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff's claims should be dismissed for two reasons: he failed to respond to a dispositive motion and also failed to comply with an order of this Court. Each of these deficiencies constitutes a failure to prosecute that independently warrants dismissal. *See Pullen v. Mohr*, No. 1:18-CV-00386, 2020 U.S. Dist. LEXIS 173376 (S.D. Ohio 2020) (Litkovitz, M.J.) (non-response to dispositive motion), report and recommendation adopted and case dismissed by 2020 U.S. Dist. LEXIS 172727 (S.D. Ohio 2020) (Cole, D.J.); *Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991) (repeated failure to abide by deadlines set by the court).

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that this matter be dismissed for failure to prosecute.

**IT IS SO RECOMMENDED**.

      */s/ Caroline H. Gentry*
      Caroline H. Gentry
      United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation ("Report"), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).